# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 22-0827V

|  |  |
|---|---|
| BENJAMIN GOOTEE,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: June 18, 2025 |

*Joseph Alexander Vuckovich*, Maglio Christopher & Toale, PA, Washington, DC, for Petitioner.

*Emilie Williams*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On July 29, 2022, Benjamin Gootee filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza vaccine he received to his right shoulder on November 18, 2020. Petition at 1. On December 3, 2024, I issued a decision awarding damages following briefing and expedited Motions Day argument by the parties. ECF No. 50.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $57,312.50 (representing $55,837.00 for fees and $1,475.50 for costs). Petitioner's Application for Attorneys' Fees, filed Jan. 21, 2025, ECF No. 55. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. ECF No. 55-4.

Respondent reacted to the motion on February 5, 2025, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 56. The next day, Petitioner filed a reply, reiterating his fees request. ECF No. 57.

Having considered the motion along with the invoices and other proof filed in connection, I find a reduction in the amount of fees to be awarded appropriate, for the reason set forth below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours

2

that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested for work performed through the end of 2024 are reasonable and consistent with our prior determinations, and will therefore be adopted. For work performed by Mr. Vuckovich in 2025, Petitioner is requesting the hourly rate of $490.00, representing an increase of $45.00 from the previous year. Although a larger increase than I usually would approve, I find this 2025 rate is reasonable and within the OSM fee schedule for attorneys with Mr. Vuckovich's experience. Thus, I will award the requested 2025 rate.

However, a few of the tasks performed by attorney Ms. Abramson are more properly billed using a paralegal rate.[3] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). **This reduces the amount of fees to be awarded by $47.30.[4]**

Regarding the time billed, I note this case required additional briefing and argument regarding damages. *See* Petitioner's Motion for Findings of Fact and Conclusions of Law Regarding Damages, filed Sept. 3, 2024, ECF No. 38; Petitioner's Reply Brief in Support of Motion for Findings of Fact and Conclusions of Law Regarding Damages, filed Oct. 16, 2024, ECF No. 41; Minute Entry, dated Nov. 22, 2024 (for November 22, 2024 expedited hearing). Petitioner's counsel expended approximately 7.6 hours drafting the damages brief and 3.1 hours drafting the reply damages brief, for a total of 10.7 hours. ECF No. 55 at 30-31. I find this time to have been reasonably incurred. (And all time billed to the matter was also reasonably incurred.)

---

[3] These entries, drafting basic documents such as an exhibit list, cover sheet, and statement of completion, are dated as follows: 7/27/22, 2/21/23, and 2/28/23 (two entries). ECF No. 55 at 18, 20.

[4] This amount consists of ($250 - $177) x 0.2 hrs. + ($295 - $186) x. 0.3 hrs. = $47.30.

## ATTORNEY COSTS

Petitioner requests $1,475.50 in overall attorney costs and has provided receipts for all expenses, except for some postage costs which I will nevertheless allow. ECF No. 55-3. And Respondent offered no specific objection to the amounts sought. ECF No. 56.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$57,265.20 (representing $55,789.70 for fees and $1,475.50 in attorney's costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**  
Brian H. Corcoran  
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.